**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Beaufort Investments LLC,<br><br>Plaintiff,<br>v.<br><br>TK Elevator Corporation<br>*f/k/a Thyssenkrupp Elevator Company formerly known as*<br>ThyssenKrupp Elevator Company,<br><br>Defendant. | Case No. 9:26-cv-04075-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff Beaufort Investments LLC's Third Motion to Compel (Dkt. No. 10). For the reasons set for below, the motion is denied without prejudice.

## I. Background

This action arises out an elevator maintenance agreement between Plaintiff and Defendant pursuant to which Defendant allegedly had the duty to maintain Plaintiff's elevator. (Dkt. No. 1-9). On January 9, 2026, Plaintiff brought this action in the Court of Common Pleas for Beaufort County, South Carolina. (*Id.*). In its Complaint, Plaintiff brings claims of breach of contract, breach of contract accompanied by fraudulent acts, negligence, violation of the South Carolina Unfair Trade Practices Act, declaratory judgment, and accounting. (*Id.*). Specifically, Plaintiff alleges that Defendant failed to properly maintain and repair Plaintiff's elevator pursuant to the terms of the contract, which resulted in Plaintiff incurring costs to repair the elevator. (*Id.*).

On Augst 13, 2026, Plaintiff filed a motion to compel seeking to require Defendant's response to its third set of discovery requests. (Dkt. No. 10). Defendant never responded to that motion. (*Id.*). On September 19, 2026, Defendant removed this action to this Court on the basis of diversity

jurisdiction alleging that there exists diversity of citizenship, and that the amount in controversy exceeds $75,000. (Dkt. No. 1). Thereafter, on October 9, 2026, Plaintiff filed the current Motion to Compel alleging that Defendant failed to include the August 13, 2026, motion to compel in its removal notice and that Defendant should be compelled to add it to the record and produce responses. (Dkt. No. 10).

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). (Dkt. No. 18).

## III. Discussion

In its Motion, Plaintiff argues that Defendant's removal is deficient because it does not include the previously filed August 13, 2026, motion to compel. (Dkt. No. 10). Additionally, it requests that this Court order Defendant to supplement the record in this case with the August 13, 2026, motion to compel. Plaintiff also argues that the Court should require Defendant to respond to the outstanding discovery requests because the deadline to respond has passed. (*Id.*). In response, Defendant argues that since this matter is now in federal court, and the Rule 26(f) conference had not occurred yet, Plaintiff's motion was not timely.

It is axiomatic that the Federal Rules of Civil Procedure govern cases that have been removed from state court to federal court. Fed. R. Civ. P. 81(c) ( "These rules apply to a civil action after it

is removed from state court.”). “A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .” Fed. R. Civ. P. 26(d)(1).

Here Plaintiff filed its motion to compel before the parties engaged in the required Rule 26(f) conference. Moreover, the record before the court indicates that the parties have since attempted to confer but have been unable to agree on a schedule. (Dkt. Nos. 10, 16, 18, 20). As such, discovery cannot yet commence in this case and any outstanding requests from the state court action are null and void. *See, e.g., Int’l Transp. Workers Fed'n v. MiDas Line SA*, No. 13–cv–0454, 2013 WL 1403329, at *4 n. 3 (E.D. La. Apr.4, 2013) (“[W]here the state-level discovery requests had not been ruled on in state court prior to removal, Rule 26(d) and Rule 26(f) would operate to preclude such discovery from occurring.”); *Sterling Sav. Bank v. Fed. Ins. Co.*, No. 12–cv–0368, 2012 WL 3143909, at *2 (E.D. Wash. Aug.1, 2012); (“An abundance of case law substantiates the notion such discovery requests do not count as ‘proceedings’ pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court.”). Additionally, even if the state court deadline for responding to Plaintiff’s motion to compel applied and Defendant failed to respond within that deadline, the Court could, for good cause, allow Defendant the opportunity to respond. *See* Fed. R. Civ. P. 16, 26; *Hart v. Safeco Ins. Co.*, No. CV 2:16-2777-RMG, 2017 WL 1390661 (D.S.C. Apr. 18, 2017) (“If good cause exists for the failure to propound timely production requests for these documents, [a party] may file a motion to extend discovery.”)

As such, this Court determines that the discovery requests filed in state court by Plaintiff before this action was removed are no longer in effect. The action is now in Federal court, where the Federal Rules of Civil Procedure control. In the absence of agreement by the parties, those rules require participation in a Rule 26(f) conference before discovery may be initiated. The parties agree that no such conference had occurred; as such, no requests for discovery were permitted at

that time. Additionally, since the parties request that the Court hold a scheduling conference in this matter the Court finds additionally grounds for denying the motion to compel. (Dkt. Nos. 16, 20). Accordingly, Plaintiff's motion is denied at this time, with leave to refile if necessary.

## IV. Conclusion

For the reasons stated above, the Court **DENIES WITH LEAVE TO REFILE** Plaintiff's Motion to Compel (Dkt. No. 10).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 15, 2026
Charleston, South Carolina